City of Erie, Petitioner *v.* Pennsylvania Public Utility Commission, Respondent.

Argued April 7, 1981, before President Judge
CRUMLISH and Judges MENCER, ROGERS, CRAIG and
PALLADINO. Judges BLATT, WILLIAMS, JR. and MAC-
PHAIL did not participate.

*Charles B. Zwally, Shearer, Mette & Woodside,*
with him *Donald J. Rogala,* City Solicitor, for peti-
tioner.

*Daniel P. Delaney,* Assistant Counsel, with him
*Joseph J. Malatesta, Jr.,* Chief Counsel, for respon-
dent.

*Eugene J. Brew, Jr., Dale and Brew,* for intervenor, Harborcreek Township.

OPINION BY PRESIDENT JUDGE CRUMLISH, June 18, 1981:

The City of Erie again appeals a Pennsylvania Public Utility Commission order to extend municipal water service outside of its territorial and certificated service area into a specified area of Harborcreek Township affecting approximately 174 family dwellings. We affirm.

In *City of Erie v. Pennsylvania Public Utility Commission,* 41 Pa. Commonwealth Ct. 194, 398 A.2d 1084 (1974), the City contended that the Commission lacked the authority to order the extension of service since the decision relied upon matters never properly made part of the record, specifically two previous Commission decisions which determined that Erie was providing water service beyond its area of certification. Assigning merit to the City's petition, this Court reversed and remanded the entire matter to the Commission for the purpose of building a competent record which would not only satisfy the City's fundamental due process rights of evidentiary notice and an opportunity to be heard, but allow us on appeal to determine whether the City of Erie was actually rendering uncertificated extraterritorial water service.

On remand, the Commission held a hearing, took testimony, and again concluded that the City was providing service beyond its certificated territory and that the Commission had the authority to order such a reasonable extension of Erie water into the requested area. The Commission found a clear pattern of water service by the City outside the confines of its September 3, 1963 certificate of public convenience based upon prior decisions in *Pennsylvania Water Co. v. City of Erie,* 49 Pa. P.U.C. 4 (1975), *Willis v. City of*

*Erie,* 47 Pa. P.U.C. 731 (1974), and *Hoffmann v. City of Erie,* 42 Pa. P.U.C. 656 (1966), as well as individual line extensions to the Howard Johnson Motel and Restaurant complex in 1962 to the South and the Rondale Nursing Home in 1962 to the Southeast of the City.

The sole question for our review in this second appeal by the City of Erie is then whether the record evidence adequately documents extraterritorial uncertificated service and justifies the Commission's ensuing authority to reasonably extend that service.

The City argues that Commission jurisdiction may only be supported by a showing that service was unilaterally extended by the City beyond the certificated area and *not* by service extensions in compliance with the three prior Commission orders. Although we agree in part, the proposal must fall.

After the original 1963 delineation of extraterritorial service area, the Commission ordered three extensions of service. In *Hoffmann,* the Commission ordered extension of extraterritorial public water service on East Lake Road and Bartlett Road in Harborcreek Township after finding that the City had extended services and facilities into a portion of adjoining Millcreek Township beyond its certificated area. In *Willis,* the Commission extended service to the area bounded by Buffalo Road, Saltsman Road, Township Road 725, including extensions along Susan Drive, Freeman Road, a portion of Township Road 729 and to Harborcreek Junior-Senior High School in Harborcreek Township after finding that Erie was providing service outside its certified area. In *Pennsylvania Water Co.,* the Commission extended service to the Watson Road-Elizabeth Lane-Tramarlac Lane area in Millcreek Township after finding that Erie was providing uncertified service on Watson Road.

Clearly, these Commission-ordered extensions of service were not the voluntary, unilateral actions by the City contemplated by our decision in *Akron v. Pennsylvania Public Utility Commission*, 2 Pa. Commonwealth Ct. 625 (1971), *vacated on other grounds, Borough of Akron v. Pennsylvania Public Utility Commission*, 453 Pa. 554, 310 A.2d 271 (1973). *See City of Erie v. Pennsylvania Public Utility Commission*, 41 Pa. Commonwealth Ct. at 200, 398 A.2d at 1087. However, the underlying support cited by the Commission for these extensions can serve as an evidentiary basis for our approving the Commission's present extension of service into Harborcreek Township. Although these underlying extraterritorial findings are only general in nature, we are compelled by the Public Utility Code to accept them as prima facie evidence to support the Commission's decision. Section 316 instructs us that "[w]henever the commission shall make any rule, regulation, finding, determination or order, the same shall be *prima facie evidence* of the facts found and shall remain conclusive upon *all parties* affected thereby, unless set aside, annulled or modified on judicial review."[1] (Emphasis added.) Although the three Commission decisions are neither chronologically nor geographically definitive of prior, unilateral, uncertificated service, the findings are clear, the decision unappealed, and the conclusion viable prima facie evidence to support the Commission's present extension of service into Harborcreek Township.[2]

---

[1] Section 316 of the Public Utility Code, 66 Pa. C. S. §316.

[2] Since we have concluded that the findings underlying these three prior Commission decisions serve as competent evidence of uncontested, unilateral extensions of Erie's water service, we need not address City opposition to the Commission's findings of extraterritorial service connections to Howard Johnson's and the Rondale Nursing Home in Millcreek Township.

Having concluded that competent evidence exists to support the Commission's decision, the question is then one of reasonable extension. If a municipality renders unilateral extraterritorial service beyond its certified area without application to the Commission for a certificate of public convenience delineating its boundaries, then as each new proposed extension is presented, the Commission has jurisdiction to determine whether reasonable extensions of the extraterritorial service should be granted.[3] *See Phoenixville v. Pennsylvania Public Utility Commission*, 3 Pa. Commonwealth Ct. 56, 61, 280 A.2d 471, 474 (1971). However, the Commission's power is not without limit. "[J]ust because a municipality is rendering an extraterritorial utility service on the easterly side of its boundaries does not mean the Commission can order extensions arbitrarily on the west or north or south, perhaps many miles away. The test is reasonableness." *Id.* at 63-64, 280 A.2d at 475. In the case before us, the Commission clearly found that the requested extension was reasonable and would not seriously affect present service. Considering the Commission's prior Harborcreek determinations in *Willis* and *Hoffmann* with their geographic proximity to the present request,[4] we are unable to conclude that the Commis-

---

[3] If the City does not wish its water lines to extend beyond the certificated service area, it must utilize the certification procedure provided by the Legislature. *See* Section 1501 of the Public Utility Code, 66 Pa. C. S. §1501. However, as long as Erie continues uncertificated extraterritorial service, the Commission will have the discretionary power, subject to reasonable standards, to determine questions of service extension.

[4] The instant request would extend the Commission ordered service in *Hoffman* and/or *Willis* in an easterly direction from the City to roughly include Buffalo and Bartlett Roads, Iroquois and Garfield Avenues, and Orchard, Prendergast, Dodge, Depot, and Wallace Streets to the extent that the Commission's December 26, 1979 order makes specification.

108

sion erred as a matter of law by ordering the extension of water service by the City of Erie.

Affirmed.

ORDER

The Pennsylvania Public Utility Commission order, dated December 26, 1979, is affirmed.

Judge MENCER did not participate in the decision of this case.